GREMILLION, Judge,
concurs and assigns written reasons.
liThe actions taken by both the trial court and the majority of this court present a classic illustration of “making the best of a bad situation.” It is as clear to me as it is to the majority that the appointment of a special master to oversee the election of the Board of Directors was an entirely reasonable way of dealing with what the majority calls “extreme contention,” and “unfortunate circumstances.”
I also agree with the majority’s decision to rely on the precedent of the Second Circuit in White v. Board of Directors of St. Elizabeth Baptist Church, 974 So.2d 164 (La.App. 2 Cir. 1/9/08), writ denied, 08-0800 (La.3/28/08), 978 So.2d 311 which is remarkably on point. The White rule allows for the appointment of a special master to oversee the election of the Board of Directors of a non-profit church even without the consent of the parties, when the dispute involves not only the pastor’s performance and fitness to serve, but also the failure of the Board of Directors to follow necessary formalities.
However, the fact still remains that La. R.S. 13:4165(A) only allows for a special master upon “the consent of all parties litigant.” The court in White attempted to get around this obvious mandate by suggesting that the absence of a contemporaneous objection on the part of one of the litigants was somehow the equivalent to consent. It is not.
|2In the case before us, I would have preferred that the majority simply cite the White rule for the proposition that in the face of such hopeless chaos, the trial court need not obtain consent of all the parties. Instead, the majority doubles-down on the notion that no objection equals consent.
I am concerned that this logic could be extended beyond this situation to other analogous situations. After all, all special masters issues are, necessarily, “exceptional circumstances.” La.R.S. 13:4165.